Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Brian M. Donovan
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK WELLINGTON GILBERT,<br><br>Defendant. | Case No. 4:17-CR-6045-SAB<br><br>United States' Sentencing Memorandum<br><br>October 13, 2022 – 11:00 AM |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington and Dan Fruchter and Brian M. Donovan, Assistant United States Attorneys, hereby respectfully submits its Sentencing Memorandum in response to the Draft Presentence Investigation Report (PSR) (ECF No. 163) submitted by United States Probation Officer Carrie A. Valencia on August 26, 2022.

1. **Factual Background**

On November 21, 2017, the United States Attorney for the Eastern District of Washington returned an Indictment charging Defendant MARK WELLINGTON GILBERT (Defendant) with Bank Fraud in violation of 18 U.S.C. § 1344(2). ECF No. 1; PSR, ¶ 1. Defendant was arraigned on January 29, 2018. ECF No. 11; PSR, ¶ 2. A superseding indictment was returned on June 4, 2019 charging Defendant with four

UNITED STATES' SENTENCING MEMORANDUM - 1

counts: Bank Fraud, in violation of 18 U.S.C. § 1344(2) (count 1); Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(4) (counts 2-3); and Making a False Declaration in Relation to a Bankruptcy Case, in violation of 18 U.S.C. § 152(3) (count 4). ECF No. 80. Defendant was arraigned on the superseding indictment on August 1, 2019. ECF No. 90; PSR, ¶ 4. On April 20, 2022, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement between the United States and the Defendant, an Information Superseding Indictment was filed charging Defendant with one count of Fraud in Connection with an Identification Document or Authentication Feature, in violation of 18 U.S.C. § 1028(a)(6). ECF No. 154; PSR, ¶ 5. That same day, April 20, 2022, Defendant pled guilty to the sole count of the Information. ECF No. 155; PSR, ¶ 6.

In June 2014, Defendant and his spouse filed for Chapter 11 bankruptcy, which, in August 2014, was converted into a Chapter 7 proceeding, and which remains ongoing. PSR, ¶¶ 18-20, 49, 96. In advance of filing for bankruptcy, Defendant sought and obtained a mortgage to purchase a $750,000 home in Hawai'i under the name of the Bruce Gilbert and Priscilla Gilbert 1998 Trust—a trust named for his parents and for which his parents were the beneficiaries. PSR, ¶ 29. Although the Hawai'i home was purportedly purchased for his parents, the down payment was financed largely with Defendant's funds, Defendant and his family lived in the home, and Defendant made a number of monthly mortgage payments. *See* Plea Agreement, p. 5; PSR, ¶¶ 23, 28, 31, 33, 38, 41-42. Defendant did not disclose either the home or his funds with which the home was purchased as assets in his bankruptcy filings. PSR, ¶¶ 43-44. Whether the home was purchased for Defendant or his parents, Bruce and Priscilla Gilbert, remains contested. *See* Plea Agreement, p. 5; PSR, ¶¶ 29, 33, 37-41.

Uncontested, however, is that in the course of obtaining a mortgage to purchase the property, Defendant sent the lender—Hawaii Community Federal Credit Union—statements purportedly documenting Bruce Gilbert's retirement account at the close of

UNITED STATES' SENTENCING MEMORANDUM - 2

FY 2014 Quarters 1 and 2. Plea Agreement, p. 4; PSR, ¶ 30. These statements showed balances of $1,208,245.52 and $1,211,918.60 at the close of each respective quarter. PSR, ¶ 30. They also bore the last four digits of Bruce Gilbert's Social Security Number. *Id.* In fact, Bruce Gilbert had no such retirement account, although Defendant did—carrying balances precisely $1,000,000 less than those indicated on the statements. *Id.* The lender, Hawaii Community Federal Credit Union, relied on these fraudulent statements when deciding to approve Bruce and Priscilla Gilbert's mortgage. PSR, ¶ 30. Despite Defendant's misrepresentation, however, Hawaii Community Federal Credit Union has suffered no loss to date as a result. *See* PSR, ¶ 54.

Defendant's use of fraudulent documentation to purchase the Hawai'i home relates to his failure to make required disclosures in bankruptcy. Defendant's retirement account—the statements for which showed a balance $1,000,000 less than the falsified statements—was liquidated in June 2014. PSR, ¶¶ 30, 36. Defendant received a check for the balance of the account in the amount of $144,171.30 on June 18, 2014. PSR, ¶ 30. Eight days later, Defendant obtained a cashier's check for $143,379.33, which he used to pay over half of the down payment on the Hawai'i home.

According to the bankruptcy Trustee, as soon as Defendant liquidated his retirement fund, he was required to disclose funds in the bankruptcy proceeding. PSR, ¶ 43. Defendant did not do so. *Id.* Moreover, Defendant made monthly payments on the fraudulently-obtained mortgage using additional funds that should have been disclosed in bankruptcy. *Id.* Whether or not Defendant purchased the Hawai'i home for his personal use, he submitted fraudulent documentation to obtain the mortgage and did not disclose required assests in the bankruptcy proceeding.

### 2. Review of PSR and Guidelines Calculation

The United States has reviewed the Presentence Investigation Report prepared

UNITED STATES' SENTENCING MEMORANDUM - 3

by Probation Officer Carrie A. Valencia, and is of the view, based upon information that is presently available, that the Presentence Report is factually complete and accurate in all material respects. The United States agrees that the base offense level is 6 pursuant to U.S.S.G. § 2B1.1(a)(2) and should be increased to 10 pursuant to U.S.S.G. § 2B1.1(b)(9)(B) (offense involved "a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding"). PSR, ¶¶ 52, 55. This enhancement is merited because the Defendant used the funds that he improperly failed to disclose in bankruptcy as the majority of the down payment to purchase the Hawai'i home. *See United States v. Tanke*, 743 F.3d 1296, 1306-07 (9th Cir. 2014) (construing relevant conduct broadly for the purposes of a § 2B1.1(b)(9)(B) enhancement). The United States further agrees that Defendant should receive a 2-level reduction for acceptance of responsibility, for a total offense level of 8. PSR, ¶¶ 61-62. Based on Defendant's Criminal History Category of I, the relevant sentencing guideline range is 0-6 months.

### 3. Sentencing Recommendation

The Court must consider all of the sentencing factors set forth in § 3553(a) in determining Defendant's sentence. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

UNITED STATES' SENTENCING MEMORANDUM - 4

Here, Defendant has no criminal history. Defendant had been a successful businessman before falling on difficult financial times and declaring bankruptcy, and is now again working in his field of expertise and presumably paying off his creditors. PSR, ¶¶ 19, 82. Moreover, Hawaii Community Federal Credit Union experienced no loss as a result of Defendant's misrepresentation. However, Defendant's crime remains serious: fabricating $1,000,000 worth of assets is a material misrepresentation in the course of seeking a mortgage, and that Defendant used his father's Social Security Number to augment the authenticiticy of the falsified documents adds to the seriousness of the crime. Such conduct carries enormous risk both to the lender as well as to the borrower.

Balancing the above factors, and consistent with the Fed. R. Crim. P. 11(c)(1)(C) plea agreement, the United States recommends a three-year sentence of probation, a $13,362 fine, and a $25 special penalty assessment.

A sentence of probation falls within the statutory guideline range. While there is no loss from the offense of conviction, and therefore no restitution is due at this time in this case, a sentence of probation will allow Defendant to continue to earn money and to pay his other creditors and debts. Defendant has likely already been specifically deterred from repeating such conduct by the hardship that this case has brought him and his family. *See* PSR, ¶¶ 81-82, 88.

A three-year probationary period, if imposed pursuant to the financial conditions in the plea agreement, will specifically address the nature of Defendant's crime.

A $13,362 fine represents the cost of supervision by a probation officer for three years. *See* PSR, ¶ 106. Although this figure is greater than the Guideline suggested maximum of $10,000, it falls far below the statutory maximum of $100,000 and fairly represents the cost imposed on the Government by Defendant's conduct. Defendant appears to be able to afford to pay such a fine: although there is no current

UNITED STATES' SENTENCING MEMORANDUM - 5

evidence before the Court regarding Defendant's ability to pay, he seems to have remained well-heeled despite his bankruptcy. See PSR, ¶ 45 (noting that Defendant rented a residence costing $5,500 per month from 2015-2016).

Last, the United States notes that the plea agreement includes a forfeiture provision regarding the Hawai'i home purchased with the fraudulently-obtained mortgage. The United States and the relevant parties are finalizing an agreement for a stipulated forfeiture sale of the Hawai'i home. The United States believes that this forfeiture agreement is essential to an equitable resolution.

In sum, the United States submits that its proposed resolution appropriately balances the section 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant as well as the seriousness of the offense. The United States further submits that the jointly recommended sentence is sufficient, but no greater than necessary, after balancing all of the relevant factors.

Dated: September 28, 2022.

Vanessa R. Waldref
United States Attorney

_____
Dan Fruchter
Brian M. Donovan
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

UNITED STATES' SENTENCING MEMORANDUM - 6

I hereby certify that on September 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Colin G. Prince
10 North Post, Suite 700
Spokane, WA 99201

_____
Dan Fruchter
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM - 7